UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORRIS WILLIAM HYMAN,<br>    Petitioner,<br>  v.<br>BRIAN DUFFY, et al.,<br>    Respondents. | Case No. 15-cv-03681-DMR (PR)<br>**ORDER OF TRANSFER** |

On August 12, 2015, Petitioner filed a document entitled, "Motion and/or Application for Immediate Release from Unlawful Custody Confinement . . . ," which was opened as a *pro se* habeas corpus action. Dkt. 1. Petitioner did not complete the Court's habeas corpus petition form and did not provide the information the Court needed to adequately review his claims.

On the same day the action was filed, the Clerk of the Court sent a notice to Petitioner informing him that his action could not go forward until he filed with the Court a habeas corpus petition form, completed in full. Dkt. 2. The Clerk also sent another notice directing Petitioner to either pay the filing fee or file a completed prisoner's in forma pauperis ("IFP") application form. Dkt. 3. The Clerk sent Petitioner a blank habeas corpus petition form and an IFP application form, and informed him that he must return the completed forms within twenty-eight days or his action would be dismissed.

Petitioner has since filed a completed habeas corpus petition form, his Certificate of Funds and his six-month prisoner trust account statement.[1] Dkts. 10, 11. In addition, Petitioner has filed a motion for appointment of counsel. Dkt. 8. Petitioner has also consented to magistrate judge jurisdiction in this action. Dkts. 5, 7.

---

[1] To date, Petitioner has not submitted a completed IFP application form.

1   Here, Petitioner challenges a conviction and sentence incurred in the Nevada County
2   Superior Court, which is within the venue of the Eastern District of California.  *See* 28 U.S.C.
3   § 84.  Because Petitioner is challenging his conviction, venue for the instant habeas action is
4   proper in the district of conviction.  28 U.S.C. § 2241(d).
5   Pursuant to 28 U.S.C. § 1406(a) and Habeas L.R. 2254-3(b), and in the interest of justice,
6   this action is TRANSFERRED to the United States District Court for the Eastern District of
7   California.[2]  The Clerk shall transfer the case forthwith.
8   If Petitioner wishes to further pursue this action, he must complete the IFP application
9   form required by the United States District Court for the Eastern District of California and mail it
10  to that district.
11  All remaining motions are TERMINATED on this Court's docket as no longer pending in
12  this district.  Dkts. 1, 8.
13  IT IS SO ORDERED.
14  Dated:  October 2, 2015

DONNA M. RYU
United States Magistrate Judge

---

[2] Venue transfer is a non-dispositive matter and, thus, it falls within the scope of the jurisdiction of the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A).

2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MORRIS WILLIAM HYMAN,

    Plaintiff,

v.

BRIAN DUFFY, et al.,

    Defendants.

Case No. 4:15-cv-03681-DMR

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 2, 2015, I SERVED a true and correct copy(ies) of the Order of Transfer, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Morris William Hyman ID: AM-8176
P.O. Box 92200
Stockton, CA 95213

Dated: October 2, 2015

Susan Y. Soong
Clerk, United States District Court

By:_____
Ivy Lerma Garcia, Deputy Clerk to the
Honorable DONNA M. RYU

3